In re Dempsey W. RINGO, Jr., et al., Debtors.

Leandra WALKER, Trustee, Plaintiff,

v.

Dempsey W. RINGO, Jr., et al., Defendants.

Bankruptcy No. 5–82–00002.
Adv. No. 5–82–0043.

United States Bankruptcy Court, W.D. Kentucky.

Feb. 27, 1985.

Max S. Hartz, Owensboro, Ky., for Continental Ins. Co.

Robert C. Manchester, Paducah, Ky., for debtors.

Leandra Walker, Paducah, Ky., Trustee.

Lucius P. Hawes, Hopkinsville, Ky., for trustee.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on Motion to liquidate claim by Continental

Insurance Company and by supplemental petition of the creditor to grant a priority status or secured creditor status.

The history of the case establishes that for some period prior to the filing of this bankruptcy petition on January 7, 1982, the debtor engaged in a business known as Hickman County Feed Mill and, as such, obtained from farmers grain for storage and ultimate sale. The creditor had issued a surety bond for the debtor in the amount of $40,000.00 to protect against losses of such grain while in the possession of the debtor. Upon institution of this bankruptcy proceeding, a substantial shortage of grain on hand was discovered. The owners, thereafter, instituted a State Court proceeding against the creditor surety which claim was settled in the Hickman Circuit Court for the sum of $32,500.00. The surety was listed by amendment on May 20, 1982 as an unsecured creditor, filed a Proof of Claim on May 17, 1982, and by Order entered October 21, 1983, said claim was assigned a liquidated value of $32,500.00 which sum reflected the settlement of the farmers' class action suit in Hickman Circuit Court.

The trustee's report indicates no funds received for distribution and by Order dated June 17, 1983, this Court approved trustee's report of no distribution and closing of the estate. The creditor, through counsel, seeks a priority status under an equitable lien theory or, in the alternative, a secured status derived from being subrogated to the rights of the farmers who instituted the class action in the Hickman Circuit Court on the surety bond. Without belaboring the subtleties of bankruptcy law, it is apparent the relief sought, even if approved by this Court, would be a hollow victory since this estate has no property to satisfy the secured status sought, nor funds to be distributed in satisfaction of any priority status. Simply stated, the administration of this estate has resulted in a no asset report being filed by the trustee. The act which gave rise to a claim against this creditor by the former owners (the unexplained disappearance of collateral) precludes this creditor from being secured by subrogation on the missing collateral. In essence, had the farmers' collateral or property been a part of this estate, a claim under the surety bond would not have been present, giving rise to a claim on the bond.

This creditor, by filing of its claim, had actual knowledge of the pendency of this proceeding and of its potential liability under the bond. No action was taken challenging the nondischargeability of this creditor's claim under the provisions of Section 523 nor Section 727. A discharge was entered on May 18, 1982 as to individual bankrupts which was consolidated for purpose of administration with the Ringo's Hickman County Feed Mill, Inc. bankruptcy petition. The efforts of the trustee in the lengthy and complex administration of this estate resulted in no assets available for distribution. The status of the creditor is clearly that of an unsecured claim hopelessly frustrated in a no asset case. The case was closed June 17, 1983. Since the relief sought is moot in view of the facts of this case, the Court does hereby honor the dead and overrules the creditor's petition for secured or priority status.

This Memorandum-Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate Order has been entered this 27th day of February, 1985.